# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GGIS INSURANCE SERVICES, INC,** d/b/a Guardian General Insurance Services and **RICHARD ACUNTO,** : : : : | **CIVIL ACTION NO. 1:10-CV-0932** **(CONSOLIDATED CASES)** (Judge Conner) |
| **Plaintiffs** : : | |
| v. : : | |
| **LINCOLN GENERAL INSURANCE COMPANY, INC.,** : : : | |
| **Defendant** : | |

---

| | |
|---|---|
| **GGIS INSURANCE SERVICES, INC** doing business as **GUARDIAN GENERAL INSURANCE SERVICES,** : : : : | **CIVIL ACTION NO. 1:10-CV-1000** (Judge Conner) |
| **Plaintiff** : : | |
| v. : : | |
| **LINCOLN GENERAL INSURANCE COMPANY, SCOTT BUTLER,** an Individual, **KINGSWAY FINANCIAL SERVICES, INC.,** and Does 1 through 100, inclusive, : : : : : : | |
| **Defendants** : | |

## MEMORANDUM

Presently before the court are motions (Civ. A. No. 1:10-CV-0932, Doc. 28; Civ. A. No. 1:10-CV-1000, Doc. 73), filed by defendants Scott Butler ("Butler") and Kingsway Financial Services, Inc. ("Kingsway"), for reconsideration of the order of

the court (Civ. A. No. 1:10-CV-0932, Doc. 27; Civ. A. No. 1:10-CV-1000, Doc. 72) dated December 1, 2010, in which the court granted the motion of GGIS Insurance Services, Inc. ("GGIS") to consolidate the cases previously consolidated at Civil Action No. 1:10-CV-0932, with Civil Action No. 1:10-CV-1000. Butler and Kingsway assert that GGIS erroneously included a certificate of concurrence with its motion to consolidate that indicated that Butler and Kingsway concurred in the motion. Butler and Kingsway aver that GGIS did not seek their concurrence or nonconcurrence in the matter, and that they do not concur in the motion to consolidate. They assert that consolidation is substantially prejudicial to them and is thus manifestly unjust. For the reasons that follow, the court will grant the motions and vacate the court order consolidating Civ. A. No. 1:10-CV-0932 with Civ. A. No. 1:10-CV-1000.

I. **Background**

Litigation in the three suits currently consolidated at Civ. A. No. 1:10-CV-0932 stem from dealings between GGIS and Richard Acunto ("Acunto")—the principal owner, president and CEO of GGIS—and Lincoln dating back to 2005. In April of 2005, Lincoln and GGIS entered into a written agreement entitled the Program Manager Agreement ("PMA"). Under the agreement GGIS acted as Lincoln's fiduciary in managing insurance brokers selling Lincoln's insurance policies. Acunto, personally guaranteed the PMA in a separately executed document. The relationship between the parties deteriorated, and Lincoln filed a

2

civil action in California state court. That action was voluntarily dismissed based on the parties intent to resolve their disputes among themselves.

On July 30, 2008, Lincoln demanded arbitration against GGIS and Acunto relating to an escrow account and contingent commissions allegedly due to Lincoln under the PMA. GGIS disputed whether arbitration was the proper forum, however, an arbitration panel determined that it was the proper body to determine the panel's jurisdiction over the dispute and that the dispute fell within the arbitration provision of the PMA. On March 30, 2010, the arbitration panel issued its final award. The panel reaffirmed its conclusion that it had jurisdiction over GGIS and Acunto and found for Lincoln.

### A. Litigation in 1:10-CV-0932 and 1:10-CV-0967

On April 29, 2010, GGIS and Acunto filed a petition with this court to vacate or modify the arbitration award. The case was originally docketed as <u>GGIS Insurance Services, Inc. et al. v. Lincoln General Insurance Company, Inc. et al.</u>, Civil Action No. 1:10-CV-0932. GGIS asserted in its petition that the arbitration award was invalid because the panel lacked jurisdiction over the matter, Lincoln had waived its right to arbitration, and the matter was currently being litigated in California courts. (See Civ. A. No. 1:10-CV-0932, Doc. 1). The following day, on April 30, 2010, Lincoln filed a petition to confirm the arbitration award in the Court of Common Pleas of York County, Pennsylvania. (See Civ. A. No. 1:10-CV-0967, Doc. 1-3). GGIS removed the matter to this court on May 5, 2010. (Id.) The matter

3

was docketed as <u>Lincoln General Insurance Company v. Guardian General Insurance Services, Inc. et al.</u>, Civil Action No. 1:10-CV-0967.

### B. Litigation in 1:10-CV-1000

On June 24, 2009, while the disputes between the parties regarding arbitration were ongoing, GGIS initiated proceedings in California state court against Lincoln, Butler and Kingsway alleging nine causes of action relating to the PMA and the dealings between the parties.[1] (Civ. A. No. 1:10-CV-1000, Doc. 1-2). GGIS served Lincoln on January 25, 2010. On February 3, 2010, Lincoln removed the action to the District Court for the Central District of California. (Id.) Lincoln, then answered the complaint and asserted improper venue. (Civ. A. No. 1:10-CV-1000, Doc. 11). The Central District granted Lincoln's motion to transfer venue on May 3, 2010. (Civ. A. No. 1:10-CV-1000, Doc. 48). This court docketed the case as <u>GGIS Insurance Services, Inc. V. Lincoln General Insurance Company et al.</u>, Civil Action No. 1:10-CV-1000.

On June 3, 2010, this court held a telephone status conference with counsel for all parties to all three cases. The court ordered that GGIS's petition and Lincoln's petition with respect to the arbitration award be consolidated into one

---

[1] GGIS asserts the following nine causes of action: (1) breach of written contract; (2) breach of the implied covenant of good faith and fair dealing; (3) statutory unfair competition under the California Code of Regulations and the California Insurance Code; (4) common law unfair competition; (5) declaratory relief; (6) promissory fraud; (7) fraud and deceit; (8) negligent misrepresentation; and (9) negligent claims handling. (See Doc. 1-2).

4

action docketed at Civil Action No. 1:10-CV-0932 (hereinafter "arbitration action"). (Civ. A. No. 1:10-CV-0932, Doc. 10). The parties agree that there was some discussion regarding consolidating the nine count civil action at 1:10-CV-1000 with the consolidated petitions, however, the parties disagree about the conclusion of that discussion. (See Civ. A. No. 1:10-CV-0932, Doc. 29, at 6; Civ. A. No. 1:10-CV-1000, Doc. 74, at 6; Doc. 75, at 3). On September 15, 2010, both parties in the consolidated action filed motions for summary judgment. (See Civ. A. No. 1:10-CV-0932, Docs. 16, 19).[2]

On November 24, 2010, GGIS filed a motion (Civ. A. No. 1:10-CV-1000, Doc. 69) to consolidate the previously consolidated arbitration action with the civil action at 1:10-CV-1000, as well as a brief in support. (Civ. A. No. 1:10-CV-1000, Doc. 70). Counsel for GGIS attached to both the motion and the brief in support a document entitled "Certificate of Concurrence" in which counsel certified that at the June 3, 2010 status conference, "the Court, in the presence of counsel for all parties attorneys, invited this motion to consolidate, and I agreed to file the motion without any further objection or comment of counsel as to agreement or disagreement."

---

[2] On January 5, 2011, the court referred the motions for summary judgment to Magistrate Judge William Prince. (See Civ. A. No. 1:10-CV-0932, Doc. 30). Magistrate Judge Prince issued his report and recommendation on January 26, 2011. (Civ. A. No. 1:10-CV-0932, Doc. 31). The deadline for submission of objections has not yet passed. The court will address that matter when it becomes ripe. The court notes that the report and recommendation does not impact the court's consideration of the instant motion to reconsider.

(Civ. A. No. 1:10-CV-1000, Doc. 69-1; Doc. 70). On the basis of this "certificate of concurrence" the court granted the motion (Civ. A. No. 1:10-CV-1000, Doc. 69) to consolidate on December 1, 2010. (See Civ. A. No. 1:10-CV-0932, Doc 27; Civ. A. No. 1:10-CV-1000, Doc. 72).[3]

On December 8, 2010, Butler and Kingsway filed the instant motions (Civ. A. No. 1:10-CV-0932, Doc. 28;Civ. A. No. 1:10-CV-1000, Doc. 73) for reconsideration of the court's December 1, 2010 order (Civ. A. No. 1:10-CV-0932, Doc. 27; Civ. A. No. 1:10-CV-1000, Doc. 72). Butler and Kingsway state that they did not and do not concur in the motion to consolidate Civil Action No. 1:10-CV-1000 into the arbitration action consolidated at 1:10-CV-0932. Butler and Kingsway assert that reconsideration is appropriate in order to prevent a manifest injustice. They argue that the cases do not involve common questions of law or fact and they would be severely prejudiced by consolidation. GGIS filed a brief in opposition (Civ. A. No.

---

[3] Local Rules for the United States District Court for the Middle District of Pennsylvania provide that motions "shall contain a certification by counsel for the movant that he or she has sought concurrence in the motion from each party, and that it has been either given or denied." L.R. 7.1. When a party opposes a motion, it shall file an opposition brief within fourteen (14) days after service of the movant's brief. See L.R. 7.6. GGIS submitted its brief in support of its motion to consolidate along with the motion on November 24, 2010. Per Local Rules, Lincoln, Butler and Kingsway had until December 8, 2010 to file a brief in opposition. The court granted the motion prior to the deadline for the submission of opposition briefs due to the presence of the "Certificate of Concurrence" indicating all parties' concurrence in consolidation. A certificate of concurrence expedites motions practice and facilitates prompt disposition. Indeed, Local Rule 7.6 explicitly authorizes the court to "grant any motion before expiration of the prescribed period for filing a brief in opposition."

6

1:10-CV-1000, Doc. 75) on December 22, 2010.  The motion is now ripe for consideration.

## II. **Standard of Review**

The purpose of a motion for reconsideration is to present newly discovered evidence or to correct manifest errors of law or fact.  See Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985); see also Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  The court possesses inherent power to reconsider its orders "when it is consonant with justice to do so," United States v. Jerry, 487 F.2d 600, 605 (3d Cir. 1973); Alea N. Am. Ins. Co. v. Salem Masonry Co. 301 F. App'x 119, 121 (3d Cir. 2008).  Reconsideration is proper when the moving party shows at least one of the following: (1) an intervening change in controlling law; (2) new evidence previously unavailable at the time of the court's order; or (3) the need to correct a clear error of law or prevent a manifest injustice.  Max's Seafood Café, 176 F.3d at 677 (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

Pursuant to Federal Rule of Civil Procedure 42, when actions before the court "involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  FED. R. CIV. P. 42(a).  The decision of whether to consolidate actions is purely at the discretion of the trial court.  See Bernardi v. City of Scranton, 101 F.R.D. 411, 413 (M.D. Pa. 1983) (citing

Turner v. Transportacion Maritima Mexicana, 44 F.R.D. 412, 415 (E.D. Pa. 1968)). In determining whether to consolidate, the court must balance the savings of time and effort gained through consolidation against the prejudice, inconvenience, or expense that it might cause. See Bernardi v. City of Scranton, 101 F.R.D. 411, 413 (M.D. Pa. 1983). When the court grants consolidation, the consolidation does not merge the suits into a single cause or change the rights of the parties, or make those who are parties in one suit parties to another. See In re Cmty. Bank of N. Va., 418 F.3d 277, 298 n.12 (2005) (citing Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496-97 (1933)).

## III. Discussion

Butler and Kingsway assert that during the June 3, 2010 telephone conference they opposed the suggestion that the nine-count civil action at 1:10-CV-1000 be consolidated with the arbitration action at 1:10-CV-0932. They claim that the parties engaged in no further discussion regarding such a motion to consolidate prior to the filing of the motion to consolidate by GGIS and that they and Lincoln oppose consolidation.[4] In GGIS's brief in opposition to the motion to reconsider, counsel states that it "admittedly may have used an incorrect label for the Certificate." (Civ. A. No. 1:10-CV-1000, Doc. 75, at 3). Counsel asserts that he

---

[4] The motions for reconsideration are brought by defendants Butler and Kingsway. Lincoln has not moved for reconsideration, but Lincoln concurs in the motions for reconsideration. (See Civ. A. No. 1:10-CV-0932, Doc. 28-2; Civ. A. No. 1:10-CV-1000, Doc. 73-2).

8

believed in good faith that the statement was accurate and that a fair reading does not represent that Kingsway or Lincoln agreed to the proposed consolidation. (Id.) Given this admitted error, the court will consider whether the purported prejudice to Butler and Kingsway from consolidation amounts to a manifest injustice.

Butler and Kingsway assert that the civil suit and the consolidated petitions do not involve common questions of law or fact. (Civ. A. No. 1:10-CV-1000, Doc. 74, at 11). In particular, Butler and Kingsway note that the court, in its review of the arbitration action, is statutorily limited to the specific areas of inquiry set out in the Federal Arbitration Act, 9 U.S.C. § 10, ("FAA")[5] and/or the Pennsylvania Uniform Arbitration Act, 42 PA. CONS. STAT. § 7341 ("PAA").[6] Thus, Butler and Kingsway assert that the only law applicable in the arbitration act will be the FAA or the PAA, and the only facts relevant to that action are the facts addressing the arbitration procedure itself. (Civ. A. No. 1:10-CV-1000, Doc. 74, at 12-13). The nine-count complaint, however, will be governed by California statutory and common law, and

---

[5] Pursuant to the FAA, a district court may vacate an arbitration award: (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators; (3) where the arbitrators were guilty of misconduct regarding the hearing, evidence or other misbehavior prejudicing a party; or (4) where the arbitrators exceeded or so imperfectly executed their powers. 9 U.S.C. § 10(a).

[6] Under the PAA an arbitration award is binding and may not be vacated or modified "unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award." 42 PA. CONS. STAT. § 7341.

9

the material facts related to the tort-claims are substantially different. (Id. at 14). Furthermore, neither Kingsway nor Butler are parties to the arbitration action. They assert that they demand a jury trial and that a jury trial will not occur in the arbitration action. (Id. at 15). As such, they claim this will cause them "immeasurable prejudice." (Id.) Finally, Butler and Kingsway assert that because they are not parties to the arbitration action, requiring their involvement in that action would cause undue burden and expense. (Id. at 16).

GGIS asserts that consolidation is appropriate because all claims arise out of the same agreement—the PMA. (Civ. A. No. 1:10-CV-1000, Doc. 70, at 5). GGIS also points out that Lincoln is a wholly-owned subsidiary of defendant Kingsway, and defendant Butler is Vice President of Lincoln. (Id.) GGIS acknowledges that certain claims in the civil suit are not at issue in the arbitration actions, but posits that "to the extent the claims do co-exist, the law and facts are identical." (Id. at 6). GGIS emphasizes that many of the claims involve Lincoln's conduct with the escrow account, which is the main subject of the arbitration dispute. (Civ. A. No. 1:10-CV-1000, Doc. 75, at 5). GGIS thus contends that there are common questions of law and fact relevant to all cases regarding the conduct of the parties and their performance of the PMA, and the terms and interpretation of the PMA. (Id.) GGIS further asserts that if one of the parties prevails in the pending summary judgment motions in the arbitration action, there will be no further involvement of Kingsway

in the arbitration action and, as such, "[t]here is simply no prejudice to Kingsway or Butler because of the consolidation." (Id. at 6).

It is undisputed that the arbitration action and the nine-count civil action arise from the parties' dealings under the PMA. Despite the common thread of the PMA as the root source of the disputes, the issues of fact and law in the consolidated arbitration action and the issues of fact and law in the nine-count civil action are distinct. The question in the consolidated arbitration action focuses on the arbitration clause in the PMA and the scope of the arbitration panel's jurisdiction. GGIS is limited in its challenge of the arbitration award to the conduct of the arbitration panel. Thus, the facts and law at issue in the arbitration act are narrowly drawn. Butler and Kingsway correctly observe that the court's authority to vacate an arbitration award is restricted to the manner in which the arbitration award was procured and the conduct or misconduct of the arbitrators in reaching their decision. See 9 U.S.C. § 10(a); 42 PA. CONS. STAT. § 7341.

In sharp contrast, the civil suit involves California statutory and common law. The facts will reach not only the interpretation of the PMA, but also the parties' performance of their respective obligations under the terms of the PMA. Thus, the scope of the nine-count civil suit is far broader than the consolidated arbitration action.

Based upon the parties' arguments on reconsideration, the court cannot find common issues of law or fact between the arbitration action and the nine-count civil

11

action, a prerequisite to consolidation under Federal Rule of Civil Procedure 42(a). The court therefore concludes that consolidation was inappropriate.

**IV.    Conclusion**

For the reasons stated in the foregoing memorandum, the court will grant the motions (Civ. A. No. 1:10-CV-932, Doc. 28; Civ. A. No. 1:10-CV-1000, Doc. 73) for reconsideration.  The court will vacate its order of December 1, 2010,  (Civ. A. No. 1:10-CV-0932, Doc. 27; Civ. A. No. 1:10-CV-1000, Doc. 72), and sever the actions.

An appropriate order follows.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:        February 7, 2011

12

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GGIS INSURANCE SERVICES, INC,** d/b/a Guardian General Insurance Services and **RICHARD ACUNTO,** | : : : : | **CIVIL ACTION NO. 1:10-CV-0932** **(CONSOLIDATED CASES)** (Judge Conner) |
| **Plaintiffs** | : : | |
| v. | : : | |
| **LINCOLN GENERAL INSURANCE COMPANY, INC.,** | : : : | |
| **Defendant** | : | |

------------------------------------------------------------------------

| | | |
|---|---|---|
| **GGIS INSURANCE SERVICES, INC** doing business as **GUARDIAN GENERAL INSURANCE SERVICES,** | : : : : | **CIVIL ACTION NO. 1:10-CV-1000** (Judge Conner) |
| **Plaintiff** | : : | |
| v. | : : | |
| **LINCOLN GENERAL INSURANCE COMPANY, SCOTT BUTLER,** an Individual, **KINGSWAY FINANCIAL SERVICES, INC.,** and Does 1 through 100, inclusive, | : : : : : : : | |
| **Defendants** | : | |

## <u>ORDER</u>

AND NOW, this 7th day of February, 2011, upon consideration of the motion

(Doc. 73) to reconsider the court's order of December 1, 2010, filed by defendants

Scott Butler and Kingsway Financial Services, Inc., and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motions (Civ. A. No. 1:10-CV-0932, Doc. 28; Civ. A. No. 1:10-CV-1000, Doc. 73) to reconsider the court order of December 1, 2010 are GRANTED.

2. The court order of December 1, 2010 (Civ. A. No. 1:10-CV-0932, Doc. 27; Civ. A. No. 1:10-CV-1000, Doc. 72) is hereby VACATED.

3. The Clerk of Court is directed to REOPEN the civil action docketed at Civ. A. No. 1:10-CV-1000 and sever the same from the civil actions consolidated at Civ. A. No. 1:10-CV-0932.

4. A scheduling order in Civ. A. No. 1:10-CV-1000 will issue by further order of the court.

                                                      <u>S/ Christopher C. Conner</u>
                                                      CHRISTOPHER C. CONNER
                                                      United States District Judge